SYVA COMPANY, Plaintiff,

v.

MILES LABORATORIES, INC.,
Defendant.

No. 80 C 592.

United States District Court,
N.D. Illinois, E.D.

May 27, 1983.

Stephen R. Smith, New York City, and Holland Capper, Chicago, Ill., for plaintiff.

John L. Alex, Chicago, Ill., and Arnold Sprung, New York City, for defendant.

## DECISION

McMILLEN, District Judge.

1. This is an action for alleged patent infringement of plaintiff's patent No. 3,935,-074. At the conclusion of the trial on December 14, 1982, we found in favor of defendant. Both parties have subsequently submitted several proposed orders and objections thereto. For the record, the court has revised plaintiff's proposal received January 11, 1983, defendant's proposal received January 27, 1983 and plaintiff's objections received February 7, 1983. All findings of fact are based on the weight of the evidence as a whole.

2. Plaintiff Syva Company (hereinafter "Syva") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 3181 Porter Drive, Palo Alto, California, 94304.

3. Defendant Miles Laboratories, Inc. (hereinafter "Miles") is a corporation organized under the laws of the State of Delaware, having its place of business at 30 West Aurora Avenue, Naperville, Illinois, 60540.

4. This action arises under the Patent Laws of the United States. Jurisdiction of this court is based upon Title 28, United States Code, § 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

6. The patent in suit (the '074 patent), was issued January 17, 1976, based on United States Application Serial No. 425,376, filed on December 17, 1973.

7. Syva is the owner of the entire right, title and interest to the '074 patent by virtue of assignment from Kenneth Edward Rubensten and Richard K. Leute, the named inventors.

8. The '074 patent discloses and claims a method, generally known as an "immunoassay," for determining the presence of certain materials referred to as "ligands," generally drugs, in body fluids.

## THE ISSUE, AS STIPULATED AND TRIED

9. For purposes of this case only, the parties have stipulated that:

1. Under the provisions of Rule 42(b) FRCP, the issue of infringement is severed for decision before contesting the issues of validity and enforceability. (Any findings herein assume the validity of the '074 patent but only for the purposes of deciding alleged infringement by defendant);

2. The trial proceeded only on the issue of infringement of claims 1, 2 and 8, the claims relied on herein by plaintiff Syva;

3. Plaintiff Syva did not rely on literal infringement, i.e., that the anti(detector ligand)-detector ligand pair is literally an enzyme-substrate pair. Instead, plaintiff relied on infringement under the doctrine of equivalents.

4. The parties also stipulated that the court could employ an expert biochemist, Dr. Gordon Hammes of Cornell University, selected from a list agreed to by both sides. The expert assisted the court in such matters as terminology, explanation of chemical and pharmacological concepts and illustrations, and in other technical ways, but he did not advise the court in reaching the ultimate conclusions. (However, he did agree with them and has examined this Decision for accuracy and completeness.)

## FINDINGS OF FACT

10. Claim 1, on which Claims 2 and 8 are dependent is as follows:

1. A method for determining the presence of a ligand in an unknown suspected of containing said ligand which comprises:

combining in an aqueous medium said unknown, antiligand, anti(detector ligand) and Reagent, wherein said reagent has a pair of epitopes in close proximity so that simultaneous binding of receptors to said pair of epitopes is sterically inhibited, wherein one of said pair of epitopes is recognized by said *antiligand* and the other of said pair of epitopes is recognized by said *anti(detector ligand)*;

determining by a detectant the amount of remaining unbound anti(detector ligand) or anti(detector ligand) bound to Reagent; and

determining the presence of ligand by comparing said amount determined with said amount determined with a medium having a known amount of ligand. [Emphasis in original.]

11. The immunoassay method of the '074 patent operates on the principle of steric hindrance. In this assay method, the reagent is formed by tagging or labeling the molecules of the ligand to be detected with an antigen or hapten instead of the labels of the prior art, such as the phage label or enzyme label, so that the assay will be effected using two different antibodies, one for the ligand and one for the tag or label. The words "tag" and "label" are not used in the '074 patent but the foregoing concept is covered by it.

12. The epitopic sites of the ligand analog and the detector ligand of the reagent are in close proximity to each other so that simultaneous binding of the antiligand and anti(detector ligand) is sterically inhibited.

13. The claims of the '074 patent call for combining the reagent and the antiligand and the anti(detector ligand) in an aqueous medium suspected of containing the ligand to be detected, then ascertaining the presence of the ligand through a determination of the amount of anti(detector ligand) which remains unbound or which binds to the reagent.

14. The defendant Miles' homogeneous immunoassay method, herein accused of infringement, has been referred to at trial and will be referred to hereinafter as the "Ames Assay." It is claimed by U.S. patent No. 4,279,992, issued to Miles with notice of the patent in suit.

15. In the Ames Assay, the reagent is formed by linking a molecule of the ligand to be detected, e.g. a drug, with a specific reactive material, umbelliferyl-beta-D-galactoside, which is a substrate for the enzyme beta-galactosidase.

16. Umbelliferyl-beta-D-galactoside as used in the Ames Assay has the characteristic of being converted to a different material which fluoresces by reaction with a specific enzyme, beta-galactosidase. This is a distinguishing feature, in contrast to the antigenic or haptenic tag or label described in the '074 patent.

17. The Ames Assay, in addition to the reagent consisting of the ligand linked to

the umbelliferyl-beta-D-galactoside, employs an antibody to the ligand (antiligand) and a specific enzyme, beta-galactosidase.

18. In the Ames Assay, when antibody to the ligand (antiligand) binds to the ligand portion of the reagent, the binding and subsequent reaction of the beta-galactosidase enzyme with umbelliferyl-beta-D-galactoside is sterically inhibited. Since the amount of antiligand so bound varies inversely with the amount of ligand in the body fluid under assay, the amount of ligand is directly determined by measuring the fluorescence which is emitted by the reaction of the umbelliferyl-beta-D-galactoside portion of the reagent.

19. The beta-galactosidase enzyme in the Ames Assay binds and then catalytically converts the umbelliferyl-beta-D-galactoside substrate to a fluorescent product, the fluorescence of which is measured in order to determine the presence of the ligand being assayed.

20. While, in the Ames Assay, the enzyme does bind to the substrate to initiate the catalytic function, this is a fleeting, transitory procedure which changes the substrate and results in a measurable fluorescence. This is quite different from the stable binding which occurs between the detector ligand and anti(detector ligand) of the '074 assay, which thereby allows a practical determination of the amount of antibody which binds and remains bound to the detector ligand, as in the claims of the '074 patent.

21. There is no teaching or indication in the '074 patent of using an enzyme capable of causing a reaction and chemical conversion of the tag or label portion of the reagent, rather than an antibody (anti(detector ligand)).

22. The '074 patent contains the following expansive parenthetical statement at lines 40–42 of Column 3:

(While the term "antibodies" will be used hereinafter, it is understood that antibodies is merely illustrative of receptors generally.)

23. However, the term "receptor" is not defined in a consistent manner either in the '074 patent or in the field of biochemistry, and there are no examples of any receptors other than antibodies in the '074 patent.

24. The reagent used in the Ames Assay has but one epitope on the ligand (drug) portion of the reagent for binding with the antibody (antiligand).

25. There is no determination in the Ames Assay of the amount of antibody which binds and remains bound to the tag or label portion of the reagent, nor is the amount of enzyme bound or unbound determined.

26. The detection or measurement step in the Ames Assay is accomplished by determining the amount of substrate umbelliferyl-beta-D-galactoside which has fluoresced with the enzyme beta-galactosidase and has thus become converted to a different chemical material.

27. Antibodies as disclosed in the '074 patent cannot perform this function and cannot be substituted for the enzyme in the Ames Assay.

28. The enzyme beta-galactosidase as used in the Ames Assay could not be substituted for any of the antibodies (anti(detector ligand)) disclosed in the '074 patent.

29. The Ames Assay utilizes a substrate as the label, and an enzyme as its binding partner, and the interaction is a destruction of the label with release of a fluorescent product to be measured. This is an essential difference from the '074 patent.

30. Testimony by defendant's expert Dr. Frank Putnam satisfies us that the small amount of substrate bound to enzyme in the Ames Assay cannot be measured as a practical matter because of the transitory nature of the interaction. Statistical measurement of such interaction is neither contemplated by the '074 patent nor claimed in the Ames Assay.

31. The substrate label and its enzyme binding partner used in the Ames Assay do not perform the same function in the same manner as the antigen or hapten label and

its antibody binding partner disclosed in the '074 patent, described in ¶ 11 above.

32. The Ames Assay measures the fluorescence generated by the reaction product formed upon destruction of the substrate label when acted upon by its binding partner enzyme, an entirely different process from the measurement taught in the '074 patent of the amount of antibody remaining unbound or bound to the antigen or hapten label.

33. After weighing the evidence, the court concludes that the beta-galactosidase/umbelliferyl-beta-D-galactoside reaction in the Ames Assay is not equivalent to the method described in claims 1, 2 or 8 of the '074 patent.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter.

2. Plaintiff Syva is the owner of the entire right, title and interest in United States Letters Patent 3,935,074.

3. On the basis of the stipulated issue (paragraph 9.3, supra p. 3), the Ames Assay taught in Patent 4,279,992 owned by defendant Miles has not infringed United States Letters Patent 3,935,074.

4. Since no other issues remain to be tried in this case, judgment dismissing the Complaint and of noninfringement is entered for defendant Miles pursuant to Rule 58.